FILED

2007 Dec-20  AM 10:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

MICHAEL SPARKS and
GINA SPARKS,

_____PLAINTIFFS,

vs.                                    CASE NO. CV 07-J-2233-J

ALLSTATE INDEMNITY COMPANY
and MICHAEL ROCCHIO,

DEFENDANTS.

## **<u>MEMORANDUM OPINION</u>**

This matter is before the court on defendant Allstate Indemnity Company's ("Allstate") notice of removal (doc. 1) and defendant Michael Rocchio's motion to dismiss (doc. 3). The plaintiff filed a response to motion to dismiss Michael Rocchio and motion to remand to state court (doc. 8) and a motion to amend complaint (doc. 7). Having considered the plaintiff's motion to amend complaint, the court is of the opinion said motion is due to be granted.

It is therefore **ORDERED** by the court that said motion (doc. 7) be and hereby is **GRANTED**.

Having considered the motion to dismiss, the motion to remand, plaintiffs' response and plaintiffs' amended complaint, the court finds as follows:

Allstate removed this action from the Circuit Court of Jefferson County, Alabama, asserting that this court has jurisdiction under 28 U.S.C. § 1332 and 28

U.S.C. § 1441(a).  Defendant Allstate alleges that the matter in controversy exceeds

$75,000.00 and it is between citizens of different states.  Notice of Removal, ¶¶ 2, 6

and 11.  Although defendant Rocchio is not diverse from the plaintiffs, defendant

Allstate alleges that Rocchio is fraudulently joined.  Notice of Removal, ¶¶ 16-18.

"Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity –

every plaintiff must be diverse from every defendant." *Tapscott v. MS Dealer Service*

*Corp.*, 77 F.3d 1353, 1359 (11ᵗʰ Cir.1996), rev'd on other grounds*, Cohen v. Office*

*Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  *See also Carden v. Arkoma Associates*,

494 U.S. 185, 187, 110 S.Ct. 1015, 1017, 94 L.Ed.2d 615 (1990) ("Since its

enactment, we have interpreted the diversity statute to require 'complete diversity'

of citizenship); citing *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806).

The only means by which this case may remain in this court is if the lack of

diversity which appears on the face of the complaint is through the fraudulent joinder

of the non-diverse party, as alleged by the defendant.

> Joinder has been deemed fraudulent in two situations. The first is when
> there is no possibility that the plaintiff can prove a cause of action
> against the resident (non-diverse) defendant. *Coker v. Amoco Oil Co.,*
> 709 F.2d 1433, 1440 (11th Cir.1983), superceded by statute on other
> grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.,* 991
> F.2d 1533 (11th Cir.1993). The second is when there is outright fraud
> in the plaintiff's pleading of jurisdictional facts. *Coker,* 709 F.2d at
> 1440....  Turning to the first type, "If there is *even a possibility* that a
> state court would find that the complaint states a cause of action against
> any one of the resident defendants, the federal court must find that the

joinder was proper and remand the case to the state court." *Coker*, 709
F.2d at 1440-41. The plaintiff need not have a winning case against the
allegedly fraudulent defendant; he need only have a possibility of stating
a valid cause of action in order for the joinder to be legitimate.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir.1998).  However,
the potential for legal liability "must be reasonable, not merely theoretical." *Legg v.
Wyeth,*  428 F.3d 1317, 1325 n. 5 (11th Cir.2005); citing *Great Plains Trust Co. v.
Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002). "In considering
possible state law claims, possible must mean 'more than such a possibility that a
designated residence can be hit by a meteor tonight. That is possible. Surely, as in
other instances, reason and common sense have some role.'"  *Legg v. Wyeth,*  428
F.3d at 1325 n. 5 (citation omitted).

The defendants, as the parties removing the action to federal court, have the
burden to establish federal jurisdiction. *See Pacheco de Perez v. AT & T Co.*, 139
F.3d 1368, 1373 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th
Cir.1996).  All doubts (and uncertainties) about federal court jurisdiction must be
resolved in favor of a remand to state court. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092,
1095 (11th Cir.1994)); *Diaz*, 85 F.3d at 1505.

Because this case is before the court, *inter alia*, on defendant Rocchio's motion
to dismiss, the court must "accept the allegations of the complaint as true and

construe them 'in the light most favorable to the plaintiff.'" *Simmons v. Sonyika*, 394 F.3d 1335, 1338 (11th Cir.2004); citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir.2003). See also *Erickson v. Pardus*, __ U.S. __, 127 S.Ct. 2197, 2200 (2007). A court should not dismiss a suit on the pleadings alone "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim." *Beck v. Deloitte & Touche, Deloitte, Haskins & Sells, Ernest & Young, L.L.P.,* 144 F.3d 732, 735 (11th Cir.1998)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

The complaint alleges that defendant Rocchio is an agent or employee of defendant Allstate. Complaint, ¶ 3. The plaintiffs purchased an insurance policy for their mobile home and car through Allstate. Complaint ¶¶ 4-5. On January 18, 2007, their home and automobile were destroyed by fire. Complaint ¶ 6. Allstate has denied coverage for the fire damage. Complaint, ¶ 8. The complaint stated two causes of action against the non-diverse defendant – negligent investigation and processing of an insurance claim (Count III) and bad faith refusal to pay that claim (Count IV). Defendant Rocchio asserts neither of these claims state viable causes of action against him. The plaintiffs have amended their complaint to add a third cause of action against defendant Rocchio, that being slander (Count V).

Having reviewed the allegations set forth in Count III of the plaintiff's complaint, the court finds that it fails to state a claim upon which relief may be granted against defendant Rocchio.  The Alabama Supreme Court "has consistently refused to recognize a cause of action for the negligent handling of insurance claims..." *Kervin v. Southern Guaranty Insurance Company*, 667 So.2d 704, 706 (Ala.1995) (discussing a claim for negligent or wanton investigation); citing *Pate v. Rollison Logging Equipment, Inc.*, 628 So.2d 337, 345 (Ala.1993).  See also *Gardner v. First Premium Insurance Group*, 2007 WL 1283999 *2 (S.D.Ala.2007).

Count IV of the plaintiffs' complaint asserts a cause of action for bad faith against defendant Allstate and defendant Rocchio.  Under Alabama law, a claim for "bad faith" is a cognizable cause of action only in the context of a breach of an insurance contract and may be brought only by a party to that contract. *Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.*, 551 So.2d 283, 285 (Ala.1989). An insurance adjuster, not being a party to the insurance contract, cannot be held liable for bad faith. *Id*.  See also *Pate v. Rollison Logging Equipment, Inc.*, 628 So.2d 337, 343 (Ala.1993)("Even if considered a broker or an agent, Rollison was not a party to the insurance contracts and, therefore, could not be liable for breach of those contracts."); *Wright v. State Farm Fire & Cas. Co.,* 1997 WL 114902, *3 (M.D.Ala.) (M.D.Ala.1997)(stating that "[I]n *Ligon*, the Alabama Supreme Court specifically

5

refused to extend liability to the insurance company's adjuster. Thus, while an adjuster or other agent may commit acts which establish bad faith, it is the company which is liable").

In light of the foregoing, the court is of the opinion that defendant Rocchio's motion to dismiss is due to be granted as to Counts III and IV of the plaintiffs' complaint. The court shall so rule by separate Order. However, the court finds that slander (Count V) is a viable claim against defendant Rocchio. Whether or not the plaintiffs may ultimately prevail on this claim is not a relevant consideration for this court, but only whether the plaintiffs "have a possibility of stating a valid cause of action." *Triggs*, 154 F.3d at 1287. Because the plaintiffs have stated a valid cause of action against the resident defendant, complete diversity between the parties is lacking.

Having considered the foregoing and finding that this case has been improvidently removed, the court shall remand this case to the Circuit Court of Jefferson County, Alabama, by separate Order.

**DONE** and **ORDERED** this the 20th day of December, 2007.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE